Filed 6/15/23  P. v. Schuyler CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDDIE LEON SCHUYLER,<br><br>Defendant and Appellant. | C097073<br><br>(Super. Ct. No. 08F1575) |

Defendant Eddie Leon Schuyler pleaded guilty to burglary and admitted two prior strike convictions and three prior prison terms.  The trial court sentenced him to 36 years to life in prison.

In June 2022, the Secretary of the Department of Corrections and Rehabilitation (the Secretary) recommended that the trial court recall defendant's sentence and resentence him under Penal Code section 1172.1.[1]  Following a hearing, the trial court struck a one-year prior prison term enhancement but declined to strike other enhancements as recommended by the Secretary.

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, section 1170.03 was renumbered section 1172.1, with no substantive changes in text.  (Stats. 2022, ch. 58, § 9.)  We will refer to section 1172.1 when addressing the statute governing the petition for resentencing.

1

Defendant now argues the trial court abused its discretion in declining to follow the Secretary's recommendation. Because defendant forfeited his contention by failing to object in the trial court, we will affirm the judgment.

BACKGROUND

We grant the People's request for judicial notice of the prior records from this court in *People v. Schuyler*, case No. C062510. (Evid. Code, §§ 452, 453.) Some of the following background is taken from the probation report attached to the Secretary's recommendation. The probation report summarizes a police report that served as the stipulated factual basis for the plea.

In February 2008, defendant broke into the home of his neighbor Kathleen C. He took Kathleen's underwear and some duct tape into her bedroom closet and sat there until she returned home. When Kathleen found defendant in her closet, he blocked her from leaving the room, saying he was infatuated with her. She repeatedly asked him to leave. Defendant left after about 15 minutes and Kathleen called the police. Kathleen found rope under her bed and a syringe in her closet.

Defendant told officers he had gone to Kathleen's home because he had been out of prison for approximately eight months and had not yet been with a woman. He said he grabbed the duct tape to keep her from screaming. Defendant later claimed he had no memory of what happened because he had been using drugs and alcohol.

An information charged defendant with first degree residential burglary (§ 459) and attempted forcible rape (§§ 261, subd. (a), 664). The information alleged two prior strike convictions, two prior serious felony convictions (§§ 667, subd. (a), 1170.12), and three prior prison term enhancements (§ 667.5, subd. (b)). Defendant pleaded guilty to the burglary and admitted two prior strike convictions and three prior prison terms. The trial court dismissed the remaining charges and sentenced defendant to 36 years to life in prison.

In June 2022, the Secretary recommended that the trial court recall defendant's sentence and resentence him under section 1172.1. The Secretary indicated that the trial court now had discretion to strike the prior serious felony conviction enhancements under section 667, subdivision (a)(1). The Secretary's recommendation was based on defendant's case factors, commitment offense, and in-prison conduct. Various documents were attached to the Secretary's letter, including a summary of the defendant's commitment offense, criminal history, parole history, prison work assignments, education, and prison disciplinary record that showed no rule violations or disciplinary actions.

On July 26, 2022, counsel appeared and the trial court referenced the Secretary's letter, indicating that the trial court needed to schedule a hearing on the matter. The trial court set a "confirmation" hearing for August 24, 2022. At the August 24, 2022 hearing, defense counsel said she wanted to file a motion to strike defendant's prior prison term enhancements. She did not reference defendant's prior serious felony enhancements. Defense counsel indicated she anticipated "[s]ubmission on the pleadings . . . ." The trial court scheduled a hearing for September 14, 2022.

Although the August 24, 2022 minute order indicated that the September 14, 2022 hearing would pertain to section 1172.1, defense counsel filed a petition that only requested the striking of defendant's three prior prison term enhancements under section 1172.75.[2] The petition did not mention the Secretary's letter, section 1172.1, or defendant's prior serious felony enhancements. Defense counsel asked the trial court to resentence defendant under section 1172.75 because defendant's prior prison term

_____

[2] Effective June 30, 2022, section 1171.1 was renumbered section 1172.75 with no substantive changes in text. (Stats. 2022, ch. 58, § 12.) For the sake of clarity and consistency, we refer to section 1172.75 when addressing the statute governing the petition for resentencing.

enhancements under section 667.5, subdivision (b) were no longer legally valid. The People agreed section 1172.75 required resentencing to dismiss the section 667.5, subdivision (b) enhancements, and asked the trial court to resentence defendant as follows: "the original 25 to life for the residential burglary charge, which is based upon the alternative sentencing structure of section 1170.12, plus the two additional enhancements pursuant to section 667(a), for a new sentence of 35 years to life in state prison."

The trial court began the September 14, 2022 hearing by announcing its tentative ruling. It referenced the Secretary's recommendation to consider striking the section 667, subdivision (a) enhancements. The trial court noted that although defendant's request was to strike the three one-year prior prison term enhancements that had originally been imposed, on appeal two of the one-year enhancements were stricken or stayed, so only one remained. The trial court also noted that the People asked the trial court to strike the one-year enhancement but leave the two five-year enhancements.

In announcing its tentative ruling, the trial court recognized there is a statutory presumption favoring recall and resentencing that can only be overcome if the trial court finds that the defendant is an unreasonable risk of danger to public safety as defined in section 1170.18. The trial court said it would make that finding of dangerousness based on defendant's criminal history, which included a prior conviction for voluntary manslaughter, a prior conviction for second degree burglary, and a prior conviction for criminal threats. The trial court detailed the facts underlying the commitment offense, which suggested defendant's intent in committing the burglary was to commit a sexual offense. The trial court agreed defendant had behaved well while in prison, but observed defendant consistently violated parole when he was released from prison and had not participated in any sexual offense treatment. The trial court noted defendant was not youthful at the time of the commitment offense and had no history of physical, mental or

4

sexual abuse. It acknowledged the legislative goals of reducing sentences and providing discretion to eliminate sentencing disparity and promote uniformity.

After announcing its tentative decision, the trial court asked the parties if they wished to be heard. Without argument or objection, the parties submitted the matter. The trial court adopted the tentative as its final ruling, struck the prior prison term enhancement (§ 667.5, subd. (b)), and sentenced defendant to 35 years to life in prison.

## DISCUSSION

Defendant contends the trial court abused its discretion by declining to follow the Secretary's recommendation to strike the two prior serious felony enhancements. Defendant claims the trial court's conclusion that defendant remained an unreasonable risk of danger to public safety was an abuse of discretion and did not conform to the requirements of section 1172.1. Defendant also contends the trial court's focus on an uncharged sex offense was an abuse of discretion.

"[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.) For the forfeiture doctrine to apply, there must be a meaningful opportunity to object to sentencing errors of the trial court at the time the errors are committed. (*Ibid*.) "This opportunity occurs only if, during the course of the sentencing hearing itself and before objections are made, the parties are clearly apprised of the sentence the court intends to impose and the reasons that support any discretionary choices." (*Ibid*.)

The record indicates the context of the September 14, 2022 hearing was clear, yet defendant never requested adoption of the Secretary's recommendation in his petition or at the hearing. When the trial court announced its tentative ruling and gave defendant an opportunity to respond, defendant did not object to the trial court's tentative or its exercise of discretion. Under the circumstances, defendant's arguments on appeal are forfeited.

5

DISPOSITION

The judgment is affirmed.

/S/
_____
MAURO, Acting P. J.

We concur:


/S/
_____
DUARTE, J.


/S/
_____
McADAM, J.*

---

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.